# United States District Court For

## The Medford District of Oregon

FILED'23 MAR 16 14:27USDC-ORM

Katherine Alderman
~~705 NW 2nd St~~ 1177 Rainbow Dr *KA*
Grants Pass, OR 97528
    Plaintiff

v.

Case No.: 1:23-CV-00383-CL

St. Anne Catholic Church
1131 NE 10th Street
Grants Pass, OR 97528
    Defendant

## COMPLAINT

1. PLAINTIFF is Katherine Alderman, who resides at 1177 Rainbow Dr, Grants Pass, OR 97526. Her phone number is: 503-490-2230.

2. DEFENDANT is Employer: St. Anne Catholic Church, 1131 NE 10th Street, Grants Pass, OR 97528 Phone: 541-476-2240.

3. Number of Employees Employed by Defendant: St. Anne Church, operates in one (1) location, with 15 – 100 employees.

### ADVERSE EMPLOYMENT ACTIONS

Plaintiff brings this action due to the intentional actions of her employer, Defendant, St. Anne Catholic Church, by terminating Plaintiff's employment on October 14, 2021. Additionally, Defendant discriminated and retaliated against Plaintiff based on her religion, Catholic, and her religious beliefs. This is a violation of Title VII of the Civil Rights Act of 1964

Plaintiff began her employment at St. Anne Catholic School, which is ran and operated by Defendant, in August, 2020 as a teacher for the 2020-2021 school year on a one-year teaching contract. Another teaching contract was renewed for the 2021-2022 school year.

During the Covid-19 pandemic, Plaintiff was notified of the yearly Covid-19 vaccination policy implemented by Defendant. This occurred on or about August 25, 2021. Within the policy exists a religious exemption process for employees of the Defendant to waive receiving a Covid-19 vaccine. Plaintiff's religion is Christianity and specifically, she practices Roman Catholic beliefs. Plaintiff notified Defendant on September 7, 2021 that taking the Covid-19 vaccine is against her religious beliefs. The Plaintiff objected due to the use of fetal stem cells in the research and production of the Covid-19 vaccine. Plaintiff met with Colleen Kotrba, school principal, on September 9th to apply for this religious exemption offered by Defendant. Prior to enduring the

religious exemption process, Defendant pressured and tried to coerce Plaintiff to take the vaccine. Plaintiff was required to articulate her reasons for not taking the vaccine due to her religious beliefs. Defendant stated that simply getting the vaccine would be a much easier process and also that if the parents found out about her vaccination status, there could be unknown repercussions to the plaintiff. Defendant ultimately approved her religious exemption and did not require Plaintiff to receive the vaccine. Under the Defendant's Covid-19 policy, Defendant required Plaintiff to undergo bi-weekly testing for Covid-19. Defendant offered no religious exemption process for the Covid-19 testing. Plaintiff also objected to this process due to her religious beliefs, but Defendant failed to engage in an interactive process with her. Specifically, Plaintiff only undergoes medical testing under emergency situations for any illness or injury she may encounter.

Defendant also required Plaintiff to wear a mask in her classroom at all times. Plaintiff adhered to this requirement but had difficulty finding a mask that fit comfortably and did not restrict her breathing. Unvaccinated employees were required to wear a KN95 mask and vaccinated employees could wear any fabric mask they chose. Plaintiff consistently wore her required mask when children or other employees were in her classroom. The only time she did not wear a mask was when she was eating lunch alone, which she did in the classroom. Other similarly situated employees were witnessed not wearing a mask at different times while school was in session. These incidents occurred in break rooms and in hallways of the Defendant's school. To Plaintiff's knowledge, these similarly situated employees received no discipline for their lack of compliance with the Covid-19 policy. When Plaintiff refused to undergo Covid-19 testing due to her religious beliefs, Plaintiff's employment was terminated. This disparate treatment is a violation of Title VII of the Civil Rights Act of 1964. Defendant terminated Plaintiff's employment on October 15, 2021 despite her religious objections to the Covid-19 testing policy.

The requirements of the Defendant were more stringent than Oregon state law required. State law at that time required that any individual with a religious exemption to the Covid-19 vaccine would be required to wear at least cloth masks around the students. Covid testing was not required. The Defendant's requirement to wear a KN95 mask at all times and adhere to bi-weekly Covid-19 testing was above and beyond Oregon state law requirements.

## COUNT ONE: DISCRIMINATION BASED ON RELIGION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff incorporates the allegations set forth above in paragraphs 1 – 5 as if fully set forth herein.

The actions of coercing and intimidating Plaintiff to comply with the Covid-19 vaccination policy is discriminatory on the basis of Plaintiff's religion and religious beliefs. Plaintiff was required to have more stringent requirements under the Defendant's policies than unvaccinated employees who were similarly situated to Plaintiff.

Defendant failed to engage in the interactive process for religious exemption when Plaintiff raised concerns about Covid-19 testing being in opposition to her religious beliefs. Instead, Defendant terminated Plaintiff's employment in spite of this fact.

Defendant's requirements are above requirements of Oregon state law and are unequally administered among its employees.

## COUNT TWO: RETALIATION FOR ENGAGING IN PROTECTED ACTIVTY REGARDING RELIGIOUS PRACTICES AND BELIEFS

Plaintiff incorporates the allegations set forth above in paragraphs 1 – 5 as if fully set forth herein.

Plaintiff engaged in protected activity by reporting discrimination based upon her religion on October 8, 2021 to Fr William Holtzinger who was a representative of the Defendant. Plaintiff specified to Fr Holtzinger that she believed she was being tested more adversely due to her religious beliefs and the Defendant held her to high requirements under their Covid-19 policies. Beyond the policy, Fr Holtzinger required Plaintiff to sit in a separate area during religious services and continue wearing a mask while vaccinated individuals were allowed to remove their masks. Defendant ignored Plaintiff's complaints and proceeded swiftly to terminating Plaintiff on October 15, 2021. This adverse action is retaliation for Plaintiff engaging in protected activity in reporting discrimination in the workplace.

Plaintiff suffered loss of earnings in the amount of $40,000 and is due punitive damages, emotional distress damages and reimbursement for legal fees totaling ~~$60,000~~ $75,000.

Defendant's actions were willful, malicious, and caused harm to Plaintiff. KA

Wherefore, for the reasons set forth above, Plaintiff, Katherine Alderman, prays that the Honorable Court rant judgment in her favor on the causes of action and for the relief requested above.

Respectfully submitted:

BY: _/s/_

Katherine Alderman
Plaintiff
March 14, 2023

## VERIFICATION

I, Katherine Alderman, Plaintiff, hereby verify that the statements contained in the Complaint are true and correct to the best of my knowledge, information and belief. COMPLAINANT understands that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

By: Plaintiff

*[signature]*

Katherine Alderman

March 14, 2023